2004 ME 30

**Robert PATTERSON**

v.

**Irene PATTERSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2004.

Decided: March 8, 2004.

Robert B. Patterson, Camden, for plaintiff.

Irene Patterson, Freeport, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

PER CURIAM.

[¶ 1] Robert Patterson appeals from a judgment of the District Court (Wiscasset, *Westcott, J.*) requiring him to pay $1157.77 in overdue child support to his former spouse, Irene Patterson. Robert contends that the court erred in determining that he had not satisfied that obligation. We affirm that judgment. Further, we conclude

that Robert's appeal is frivolous and instituted primarily for the purpose of delay, and therefore award Irene treble costs and reasonable expenses pursuant to Maine Rule of Appellate Procedure 13(f).

[¶ 2] When the Pattersons were divorced in the spring of 1994, Robert was a successful real estate professional earning roughly $50,000 a year. He has since become a member of the Maine Bar, and has used his knowledge of the law to delay the judicial process and avoid his responsibility to contribute to the support of his children. Since the divorce, Robert has rarely been current with his child support obligations, and he has filed no less than six motions in the District Court designed to forestall judgment and confuse the record. The court characterized Robert's actions as "financial manipulation and game playing."

[¶ 3] The controversy at the heart of Robert's latest appeal stems from the District Court's order of August 22, 2001, which compelled Robert to pay Irene over $3000 in dental bills and school expenses by September 21, 2001. Rather than make the payment in the time provided, Robert filed a petition in bankruptcy in an attempt to discharge his child support obligation as a business debt and filed a motion in the District Court seeking to alter or amend the August 22, 2001, judgment. On October 16, 2001, the District Court denied the latter motion, ordered Robert to immediately pay Irene pursuant to its August order, and imposed postjudgment interest to accrue from September 21 until he satisfied the debt.

[¶ 4] Still Robert refused to pay, and his obligation grew over time. On July 1, 2002, Irene filed a motion for contempt in the District Court alleging that Robert now owed more than $5500 in child support and medical bills. On December 10, 2002, the court agreed with Irene's calculations, and sentenced Robert to serve nine-ty days in jail should he fail to purge himself of contempt. To avoid incarceration, the court ordered Robert to pay in full all court-ordered child support from February 15, 2003, forward; pay all outstanding medical insurance costs by February 15; pay the money he owed pursuant to the August 22, 2001, order by July 1, 2003; and pay his remaining child support arrearage, plus interest, by October 15, 2003. After the appeal period had expired, Robert attempted, unsuccessfully, to appeal the December judgment to this Court.

[¶ 5] Initially, the threat of jail inspired Robert to make payments to Irene. On June 4, 2003, however, Irene renewed her motion for contempt against Robert, who had again begun to fall into arrears. On August 5, 2003, the court found that, as of July 1, 2003, Robert had paid Irene only $4910.73 of the $6068.50 he owed her. The court then ordered Robert to pay the outstanding balance of $1157.77 plus interest by September 5, 2003, or find himself in contempt. Again, rather than pay, Robert appealed to us.

[¶ 6] Robert's appeal is entirely without merit. He submits a number of arguments challenging the District Court's calculations by selectively excluding certain court orders from consideration. Robert even contends that a stipulated order of the federal bankruptcy court, which concluded that the child support obligation he tried to claim as a business expense was nondischargeable, established that he owed only $3738.71 as of July 16, 2002. That order addresses only the debts that Robert tried to discharge through bankruptcy, and in no way purports to be an exhaustive accounting of his obligation to Irene. Like all Robert's legal maneuvering in this matter, his appeal to this Court is simply an attempt to delay payment, confuse the issues, and avoid the

consequences of his actions. Accordingly, it is ordered that he pay Irene treble costs and reasonable expenses incurred as a result of this action. M.R.App. P. 13(f).

The entry is:

Affirmed. Robert Patterson shall pay Irene Patterson treble costs and reasonable expenses to be determined on remand. The matter is remanded for further proceedings consistent with this opinion.